```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                              DALLAS DIVISION

UNITED STATES OF AMERICA,    )   Case No. 3:21-cr-00435-N-4
                             )
        Plaintiff,           )
                             )   Dallas, Texas
v.                           )   August 15, 2023
                             )   11:00 a.m.
IJEOMA OKORO,                )
                             )   MOTION TO APPOINT
        Defendant.           )   COUNSEL [342]
                             )
```

                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE REBECCA RUTHERFORD,
                 UNITED STATES MAGISTRATE JUDGE.

APPEARANCES:

For the Government:      Mary Walters
                         Jenna Danelle Rudoff
                         UNITED STATES ATTORNEY'S OFFICE
                         1100 Commerce Street, Third Floor
                         Dallas, TX  75242
                         (214) 659-8600

For the Defendant:       Doyle Raymond Bunch, III
                         BURLESON PATE & GIBSON, LLP
                         900 Jackson Street, Suite 330
                         Dallas, TX  75202
                         (214) 226-6050

Recorded by:             Lavenia Price
                         UNITED STATES DISTRICT COURT
                         1100 Commerce Street, Room 1452
                         Dallas, TX  75242-1003
                         (214) 753-2168

Transcribed by:          Kathy Rehling
                         311 Paradise Cove
                         Shady Shores, TX  76208
                         (972) 786-3063




     Proceedings recorded by electronic sound recording;
         transcript produced by transcription service.

|    |                                                                      |
|----|----------------------------------------------------------------------|
| 1  | <u>DALLAS, TEXAS - AUGUST 15, 2023 - 11:27 A.M.</u>                  |
| 2  | THE CLERK:  All rise.                                                |
| 3  | THE COURT:  Please have a seat.  This is United States of America versus Okoro, Case 3:21-cr-435.  Who's here for the Government? |
| 6  | MS. WALTERS:  Mary Walters and Jenna Rudoff, Your Honor.  Good morning. |
| 8  | THE COURT:  Good morning.  Thank you.  And for the Defendant?        |
| 10 | MR. BUNCH:  Trey Bunch as -- currently as standby counsel for Ms. Okoro. |
| 12 | THE COURT:  Very well.  And Ms. Okoro is present and in custody.  Good morning. |
| 14 | THE DEFENDANT:  Good morning.                                        |
| 15 | THE COURT:  All right.  Ma'am, a while back we had a hearing and you were granted leave to proceed pro se or representing yourself.  And now you have filed a motion asking the Court to reappoint your former attorney.  Is that correct? |
| 19 | THE DEFENDANT:  That is correct.                                     |
| 20 | THE COURT:  All right.  And I understand that the Government does not oppose this request? |
| 22 | MS. WALTERS:  We do not oppose this request, Your Honor.             |
| 24 | THE COURT:  Very well.  And Mr. Bunch, are you amenable to being reappointed in this case? |

1          MR. BUNCH:  Yes, Your Honor, I am.  There are some
2    things I would like to cover here in court in that regard.
3          THE COURT:  Yes, please.
4          MR. BUNCH:  First of all, the Government has made me
5    aware that Ms. Okoro has -- and I'm aware of this
6    independently as well -- has received discovery at the jail, a
7    box of documents.  The Government has informed me that they
8    will be requesting that box of discovery to be back in their
9    custody.
10       My only concern with that is that Ms. Okoro currently has
11   some notes that she took in the course of representing herself
12   that are currently in the box that she would like to remove.
13   The Government does have a concern that she has recorded
14   things from the discovery that she might be prohibited from
15   possessing in those notes, and so the -- what the Government
16   and I have discussed in that regard is she will be allowed to
17   remove her things from the box, the notes, and put them in an
18   envelope that will be sent to me.  She will not be allowed to
19   keep them, but I will have possession of those notes.
20         THE COURT:  Very well.  And Ms. Walters, you can
21   confirm this is your understanding of the situation and the
22   resolution?
23         MS. WALTERS:  Yes, generally, Your Honor.  There are
24   hard drives and thumb drives that the Government has provided
25   to Ms. Okoro in Johnson County.  They are maintained by the

1  Sheriff's Office in a box.  In addition to that, there is an
2  envelope with her notes that Ms. Okoro makes contained in that
3  box as well.
4      That envelope is sealed.  I do not know the contents.  But
5  the Sheriff's Office has kept a record of the fact that there
6  is an envelope of notes.  I don't want the notes.  We will
7  take the devices that we have provided, we'll go down to
8  Johnson County and collect those.  We made that special effort
9  while she was pro se.  But once she has a defense attorney,
10 she doesn't also get those in Johnson County.
11     So what we can do is those -- that envelope of notes can
12 remain that envelope of notes until Mr. Bunch goes down and
13 retrieves it.  We can work that out with the sergeant that
14 I've been interacting with at Johnson County.
15          THE COURT:  All right.
16          MS. WALTERS:  Totally doable.
17          THE COURT:  Very well.
18          MR. BUNCH:  In addition, I just want to make clear to
19 Ms. Okoro that, if she makes this decision to have me
20 appointed again as counsel, she may not, in the future, be
21 able to change her decision again back to pro se
22 representation.
23          THE COURT:  That is correct.  We have been through
24 this discussion, and we had alluded to this, perhaps, that you
25 would be dissatisfied with your choice at some point.  And so

1   now, mostly to assist the Court with your trial, I'm going to
2   allow Mr. Bunch to be reappointed to represent you.  But later
3   if you decide you are dissatisfied, I think that plea will
4   fall on deaf ears.
5        The Court is not inclined to continue to delay this
6   proceeding while you go back and forth with what attorney you
7   want or if you want an attorney.  You're going to have Mr.
8   Bunch, who is an incredibly competent attorney and very
9   familiar with our district, representing you.  And he will be
10  compensated by the Court.  But we will not further delay this
11  because you have some issue with your attorney.  Do you
12  understand?
13            THE DEFENDANT:  I understand.
14            THE COURT:  Okay.
15            MR. BUNCH:  Further, Your Honor, I would just like to
16  make clear that, you know, the relationship between Ms. Okoro
17  and I is good right now, but I think that it's important that
18  she understand that I will listen to her input but that
19  ultimately strategic trial decisions would be, if I am her
20  attorney, would be the attorney's ultimate decision.  I commit
21  to her to listen to her input, but those decisions are mine,
22  and I just wanted to make that clear to Ms. Okoro on the
23  record.
24       In addition, in the past, when I was previously
25  representing her, there were several occasions where Ms. Okoro

1   would file her own motions.  I just want to make clear that
2   that sort of hybrid situation, where she's filing motions and
3   I'm trying to file motions as her attorney, will not be
4   acceptable going forward.  It's -- the Court generally will
5   not consider those -- motions filed outside of what I file as
6   a motion that is active in the case.
7            THE COURT:  Yes.  That is correct.  If you are
8   represented by an attorney, you do not have the right to make
9   requests to the Court on your own behalf.  And I would
10  anticipate that if you were to file any motion in the future,
11  now that Mr. Bunch has been reappointed as your attorney, that
12  it would be stricken from the docket and not considered by the
13  Court at all.
14           THE DEFENDANT:  Yes, ma'am.
15           MR. BUNCH:  That is -- those -- that is a summary of
16  the concerns that I wanted to bring to the Court and talk
17  about here.  I do believe that Ms. Okoro and I have a good
18  working relationship and that we have established trust over,
19  you know, since -- especially since her pro se representation
20  began May 1st.  And so I hope to continue that going forward.
21           THE COURT:  Well, I commend both of you on your
22  professionalism and willingness to work together, and I hope
23  that you're able to work together as a team and collaborate on
24  your representation.  You are in competent hands.  And as Mr.
25  Bunch said, the strategic decisions are his with respect to

1  the trial. And as I have explained to you, he is very
2  experienced and competent, so I trust him to make good
3  strategic decisions on your behalf.
4           THE DEFENDANT: Yes, ma'am. Thank you.
5           THE COURT: All right. Is there anything else the
6  Government would like to put on the record?
7           MS. WALTERS: Yes, Your Honor. If I might just note
8  a couple of -- I wanted to put a couple of things on the
9  record related to said allegations Ms. Okoro made in the
10 motion for reappointment of counsel.
11     First, she made an allegation that her constitutional
12 rights have been violated due to pretrial detention. And in
13 this situation, pretrial detention does not run afoul of Fifth
14 Circuit precedent. We discussed this issue specifically in
15 Docket No. 323, the Government's Response to Defendant's
16 Motion to Revoke or Amend the Detention Order. And at Page
17 11, we discussed the Sixth and Eighth Amendment allegations
18 and how time periods of pretrial detention up to 33 months
19 have not been reversed by the Fifth Circuit. They have been
20 affirmed. We are well under that now at approximately 16
21 months, and we hope to resolve this case expeditiously. So I
22 did want to note that.
23     The second thing I wanted to note that she has brought up
24 repeatedly is she consistently seeks pretrial release. And
25 she mentions that again in this motion for reappointment of

1  counsel.
2      First, her pretrial release was revoked.  She did not
3  appeal in a timely manner.  And finally, there is additional
4  evidence that has been adduced in 2023 that supports pretrial
5  detention.
6      As I mentioned several months ago, we were investigating
7  her for potential PPP loan fraud.  We now have the records
8  back and do see that she received a loan that is not -- does
9  not appear to have been legitimately obtained.
10     In addition to that, about six weeks ago, at her
11 direction, her now-attorney produced to us records
12 establishing that she established a bank account in Nigeria in
13 2021 that was a savings account.  Furthermore, we also have
14 records now of bank account -- of her bank account showing
15 payments on mortgages for properties in Nigeria.  That was
16 something we did not initially have at the time she was
17 revoked.
18     So I merely wanted to say those three things on the
19 record, since there is an allegation regarding pretrial -- a
20 complaint about pretrial detention, once again, in this
21 motion.
22     Finally, she makes an allegation that her immigration
23 status -- she will lose her immigration status when her green
24 card expires in September of 2023.  That is incorrect.  She
25 will not automatically be placed on an ICE hold.  Her card,

1   the actual card itself, expires in September 2023.  That is a
2   separate and independent issue from immigration status.  She
3   still has her permanent resident status, regardless of whether
4   or not that physical card expires.  She -- just like a
5   driver's license, one can apply for a new card.  But unlike a
6   driver's license, the underlying status remains the same.
7   There will not be an ICE hold.  She will not be an illegal
8   alien when that card expires.  She will still be a permanent
9   resident, unless and until something changes in that status.
10       Those were the three things that we thought were important
11  to respond to verbally in court so that they were on the
12  record, Ms. Okoro heard them, and we look forward to working
13  with Mr. Bunch.
14       I do think it's important that the Court understand the
15  Government's concern:  If halfway through trial she wants to
16  represent herself again and wants to fire Mr. Bunch, the
17  Government would definitely oppose that being allowed to
18  occur.  Or if she thinks that the trial is not going to go her
19  way and she wants to fire Mr. Bunch, we would vehemently
20  oppose it.  You don't get a new trial just because things may
21  not go well on day three or on day five.  I think it's
22  important to recognize that once the trial starts, that's it,
23  and the Court is very unlikely to entertain change of counsel
24  at the point.
25               THE COURT:  The Court is very unlikely to consider

1  change of counsel at any point after today.  We have now had
2  two hearings.  We've been back and forth.  I feel, as I
3  observe Ms. Okoro and Mr. Bunch, that their relationship is as
4  good as it's been and that they're working together to move
5  forward.  So we've already touched on that and I don't want to
6  belabor that point.
7      The only thing I would underscore for you, Ms. Okoro, I
8  cannot necessarily confirm anything that Ms. Walters has said
9  about your immigration status.  Immigration proceedings are
10 completely separate from these criminal proceedings, and
11 anything that would be finally adjudicated with respect to
12 your immigration status will not be part of this proceeding.
13 It is a separate proceeding in a different court with a
14 different judicial officer.  So, although whatever happens
15 here may have consequences, that will not be determined in
16 this proceeding.  And so that is why the Court won't comment
17 or I can't really confirm what Ms. Walters is telling you.
18           THE DEFENDANT:  Okay.  Yes, ma'am.
19           THE COURT:  All right.  Anything else?
20           MR. BUNCH:  No, Your Honor.
21           THE COURT:  All right.
22           MS. WALTERS:  No, Your Honor.
23           THE COURT:  All right.  Thank you very much.  We'll
24 be adjourned.
25           THE DEFENDANT:  Thank you.

1        THE COURT:  All right.  Good luck.
2        THE DEFENDANT:  Thank you.  Thank you so much.
3     (Proceedings concluded at 11:41 a.m.)
4                          --oOo--

20                         CERTIFICATE

21        I certify that the foregoing is a correct transcript
from the electronic sound recording of the proceedings in the
22   above-entitled matter.

23    **/s/ Kathy Rehling**                                    **09/01/2023**

24   _____         _____
     Kathy Rehling, CETD-444                               Date
25   Certified Electronic Court Transcriber

```
                                                                    12
                                    INDEX
 1
     PROCEEDINGS                                                     2
 2
     WITNESSES
 3
     -none-
 4
     EXHIBITS
 5
     -none-
 6
     RULINGS                                                         9
 7
     END OF PROCEEDINGS                                             11
 8
     INDEX                                                          12
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```